IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANADRICK DRONES, (a/k/a JANADRICK JOHNSON) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2437 |
| BRET KISLUK, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Janadrick Drones, a Harris County pretrial detainee (SPN #01195917), has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his state court proceedings. Drones impliedly seeks leave to proceed *in forma pauperis*. Because Drones is incarcerated, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed. The reasons are explained below.

**I.     Background**[1]

Drones is presently in the custody of the Harris County Jail as the result of a criminal charge filed against him in Harris County. Public court records confirm that Drones has been

---

[1] The Court takes judicial notice of information pertaining to the status of Drones's state court proceedings from publicly available state court records. *See* Website for Harris County District Clerk's Office, available at http://www.hcdistrictclerk.com (last visited on Jan. 29, 2018).

formally charged with possessing a firearm as a previously convicted felon. *State of Texas v. Drones*, Cause Number 1542482, 179th Criminal District Court of Harris County, Texas.

Drones has filed this civil rights lawsuit under 42 U.S.C. § 1983 against the following defendants in connection with the above-referenced criminal charge: (1) Bret Kisluk, his court-appointed attorney; (2) the Honorable Randy Roll, who is presiding over his criminal case; and (3) the prosecution team from the Harris County District Attorney's Office. In addition to alleging ineffective assistance of trial counsel, Drones alleges multiple violations of his constitutional rights by all defendants. Drones does not articulate any specific facts as to how or when these violations occurred. Drones seeks dismissal of the pending criminal case as well as $1,000.00 per day in damages for his unlawful incarceration and emotional stress.

## II. Discussion

### A. Claims Against Kisluk

To establish liability under § 1983, a civil rights plaintiff must satisfy two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979). In other words, "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted together with

or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982).

Kisluk, as Drones's court-appointed attorney, is not a state actor. It is well settled that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Drones's allegations against Kisluk fail to state a claim under § 1983 as a matter of law.

### B. Claims Against Roll

The Supreme Court has established that "generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted). Judicial immunity serves to safeguard "'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Judicial immunity is overcome only when the acts were "not taken in the judge's judicial capacity," or when they were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted).

The Fifth Circuit has further explained that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1995) (per curiam) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 545 (1988)). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12). In determining whether an act was judicial in nature, courts should consider four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). The foregoing factors are construed broadly in favor of immunity. *Id.* Drones's claims against Judge Roll fail to overcome judicial immunity and must be dismissed.

C. **Claims Against Prosecution Team**

Finally, Drones cannot recover damages from the state prosecutors for decisions made in connection with the criminal proceedings referenced in his pleadings. It is well established that prosecutors are entitled to absolute immunity from civil rights claims for

4

actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). To the extent Drones's claims relate to the prosecution of and presentation of evidence during his state court criminal proceedings, the Court will dismiss the complaint against the prosecution team as legally frivolous and for seeking monetary relief from a defendant who is immune from such relief.

### III. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by Janadrick Drones, (Docket Entry No. 1), is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and for seeking monetary damages from a defendant who is immune from such relief.

2. The dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Harris County Jail Inmate Trust Fund is **ORDERED** to deduct funds from the trust account of Janadrick Drones, also known as Janadrick Johnson, (SPN #01195917) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. **The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546;**

and (2) the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on FEB 0 5 2019.

ALFRED H BENNETT
UNITED STATES DISTRICT JUDGE